# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| FERDINAND F. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:25-CV-03349-MDH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Insufficient Service of Process. (Doc.5). The time has passed for Plaintiff to file suggestions in opposition and thus the motion is now ripe for adjudication. For reasons herein, Defendant's Motion is **GRANTED**.

## BACKGROUND

On October 15, 2025, Plaintiff filed a complaint in Greene County small claims court which appears to allege "economic hardship" resulting from a physical fitness test conducted by the United States Army in 1996. (Doc. 1-2). Plaintiff attempted service of his complaint upon the United States by sending—via certified mail—a summons and a copy of his petition to an Army recruiting office in Springfield. (Doc. 1-1). On October 18, 2025, the Government removed the action to this Court. (Doc. 1).

## STANDARD OF REVIEW

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010)

1

(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The applicable decisional standard when determining a Rule 12(b)(1) motion depends upon whether the movant makes a "facial" or a "factual" challenge to subject matter jurisdiction. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a facial challenge, the movant argues that the allegations in the complaint are not sufficient to establish subject matter jurisdiction. *Id*. Defendant asserts a facial challenge in this motion, and the Court will therefore afford Plaintiff the same protections as they would be entitled to receive under Rule 12(b)(6). *Id*.

## ANALYSIS

Defendant argues Plaintiff has failed to exhaust his administrative remedies as required by the FTCA. Further Defendant argues to the extent Plaintiff's complaint might be asserting claims that are not tort claims premised upon state law, those claims are time-barred by 28 U.S.C. § 2401(a).

### I.     FTCA

2

The United States enjoys immunity from civil lawsuits except where it has waived that immunity specifically and unequivocally. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Sovereign immunity is jurisdictional in nature," and "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). After revieing in a light most favorable to Plaintiff, he appears to be seeking to assert a state law tort claim against the United States. As such, his complaint can be brought only pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq. *See Rollo-Carlson v. United States*, 971 F.3d 768, 770 (8th Cir. 2020) ("The FTCA is a limited waiver of the United States' sovereign immunity. It permits persons injured by federal employees to sue the United States for tort claims in federal district court."). "Before bringing an FTCA claim in federal court, a party must administratively exhaust their remedies under the FTCA. 28 U.S.C. § 2675(a)." 971 F.3d at 770. "As part of this administrative process, the party 'shall have first presented the claim to the appropriate Federal agency.'" *Id*. (quoting 28 U.S.C. § 2675(a)). "The presentment requirement is a jurisdictional prerequisite to filing an FTCA action in federal court." *Id*. (citing *Mader v. United States*, 654 F.3d 794, 808 (8th Cir. 2011) (en banc)).

Presentment is achieved upon the following:

> [A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, [1] an executed Standard Form 95 or other written notification of an incident, [2] accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident, and [3] the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative

*Id*. (quoting 28 C.F.R. § 14.2(a)). Presentment must be pleaded and ultimately proven by the FTCA claimant. *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993).

3

Plaintiff has not shown that he made any attempt to present his claim to the Army or the Department of Defense prior to filing this suit, let alone one which comports with the requirements of 28 C.F.R. § 14.2(a). Plaintiff has further failed to respond to this Motion to Dismiss. In addition, Defendant alleges the Army and the Department of Defense have no record of any such claim. For this reason, Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED**.

## II.     28 U.S.C. § 2401(a)

The Government argues that to the extent Plaintiff's complaint might be asserting claims that are not tort claims premised upon state law, those claims are barred by 28 U.S.C. § 2401(a).

"Civil actions against the United States must be filed "within six years after the right of action first accrues." *Andersen v. U.S. Dep't of Hous. & Urb. Dev.*, 678 F.3d 626, 628–29 (8th Cir. 2012) (citing 28 U.S.C. § 2401(a)). "For purposes of § 2401(a) a claim accrues 'when the plaintiff either knew, or in the exercise of reasonable diligence should have known, that [he or she] had a claim.'" *Id.* (quoting *Izaak Walton League of Am., Inc. v. Kimbell*, 558 F.3d 751, 759 (8th Cir.2009)).

Plaintiff's alleged injury took place in 1996, over 30 years ago and far beyond the 6 years. Thus, to the extent his complaint asserts non-tort claims, it is dismissed for failure to state a claim. Defendant's Motion to Dismiss for Failure to State a Claim is hereby **GRANTED**.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss is **GRANTED**. The Court hereby dismisses the case without prejudice.

4

**IT IS SO ORDERED**.
DATED: March 24, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

Case 6:25-cv-03349-MDH   Document 7   Filed 03/24/26   Page 5 of 5